UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SUZANNE BERKOSKI, as Administratrix of the Estate     Case No.:
of PETER BERKOSKI, deceased, and SUZANNE
BERKOSKI, individually,

                            Plaintiff,

                                            **VERIFIED COMPLAINT**

          - against -

                                            **PLAINTIFF DEMANDS**
UNITED STATES OF AMERICA,                  **A TRIAL BY JURY**

                           Defendant
-----------------------------------------------------------------X

        Plaintiff, by her attorneys, DELL & DEAN, PLLC, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

### INTRODUCTION

        1.       This is an action against the Defendant **UNITED STATES OF AMERICA** under The Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1) for negligence, medical malpractice and wrongful death in connection with medical care provided to Plaintiff Decedent **PETER BERKOSKI** by the Department of Veterans Affairs at the VA Medical Center located at 79 Middleville Road, Northport, New York.

        2.       The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1) for money damages as compensation for personal injuries caused by the Defendant's negligence.

        3.       Plaintiff **SUZANNE BERKOSKI** has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act by filing of Standard Form 95 with the U.S. Department of Veterans Affairs on or about September 14, 2015 on behalf of the Estate of Peter Berkoski.

        4.       This suit has been timely filed in that Plaintiff served notice of her claim on the

Department of Veterans Affairs less than two years after the incident forming the basis of this suit.

5. Plaintiff is now filing this Complaint pursuant to 28 U.S.C. §2401(b) after receiving the Department of Veterans Affairs January 25, 2016 notice of "final denial". *Administrative Tort Claim Denial Letter attached as Exhibit A.*

## JURISDICTION AND VENUE

6  At all times herein mentioned, Plaintiff was and still is a resident of the County of Suffolk, State of New York.

7. This action falls within one or more of the exemptions set forth in CPLR §1602.

8. Defendant **UNITED STATES OF AMERICA,** through its agency, The Department of Veterans Affairs, operates the Veterans Affairs Medical Center located at 79 Middleville Road, Northport, County of Suffolk, State of New York.

9. Defendant **UNITED STATES OF AMERICA**, including its directors, officers, operators, Administrators, employees, agents and staff at the Northport VA Medical Center are hereinafter collectively referred to as "Northport VA Medical Center."

10. The amount in controversy in this matter exceeds the sum of **SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS** exclusive of interest and costs.

11. Jurisdiction is properly had over this matter pursuant to 28 U.S.C. §1346(b)(1).

12. Venue is properly placed in the United States District Court for the Eastern District of New York since the Plaintiff's residence is within that district, and that district is the most convenient for this action to be tried.

## AS AND FOR FIRST CAUSE OF ACTION

13. That in or about August, 2014, the Surrogate's Court of the County of Suffolk, State of New York issued Letters of Administration granting Plaintiff **SUZANNE BERKOSKI** such Administration concerning the wrongful death of Plaintiff Decedent **PETER BERKOSKI**.

14. At all times mentioned herein, Defendant **UNITED STATES OF AMERICA** owned, operated, controlled, and managed a health care facility pursuant to the laws of the State of New York for the care of the medical issues, located at 79 Middleville Road, Northport, New York which provided personnel, including doctors, nurses, attendants, physician's assistants and others for the care and treatment of its patients and which held itself out to the public as furnishing treatment facilities where patients, including Plaintiff Decedent **PETER BERKOSKI** could be treated.

15. At all times mentioned herein, Northport VA Medical Center held themselves out to offer professional, medical and related services to the public in general, and to Plaintiff Decedent **PETER BERKOSKI** in particular.

16. At all times mentioned herein, Northport VA Medical Center represented that they and their staff, doctors, nurses and employees were competent to perform and render all the medical care, treatment, services and advice required by the Plaintiff Decedent **PETER BERKOSKI.**

17. That in or about October, 2014 and thereafter, Plaintiff Decedent **PETER BERKOSKI** sought the professional care of Northport VA Medical Center for certain health issues, from which he was suffering, and Northport VA Medical Center, their agents, servants and employees rendered medical care, diagnosis, treatment and services to him.

18. The above medical care, diagnosis, treatment and services rendered to Plaintiff Decedent **PETER BERKOSKI** were rendered negligently, carelessly, unskillfully, and not in accordance with accepted standards of medical care, diagnosis, treatment and services in the community.

19. By reason of the above, Plaintiff Decedent **PETER BERKOSKI** has sustained great pain, agony, injury, suffering, disability, and hospitalization with surgery, as well as mental anguish and emotional distress, and ultimately his death.

20. By reason of the above, Plaintiff Decedent **PETER BERKOSKI** has sustained damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION

21. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

22. The Northport VA Medical Center, their servants, employees and/or others acting within their control, failed to advise of the risks, hazards and dangers inherent in the treatment rendered.

23. The Northport VA Medical Center, their agents, servants, employees and/or others acting within their control, failed to advise of the risks, hazards and dangers inherent in the treatment rendered, alternatives to the treatment rendered and failed to obtain an informed consent from Plaintiff Decedent **PETER BERKOSKI** or any other authorized person.

24. The Northport VA Medical Center failed to disclose to Plaintiff Decedent **PETER BERKOSKI** such alternatives to the treatment and the reasonably foreseeable risks and benefits involved that a reasonable medical practitioner under similar circumstances would have disclosed in a manner permitting Plaintiff to make a knowledgeable evaluation.

25. A reasonably prudent person in Plaintiff Decedent **PETER BERKOSKI'S** position would not have undergone the treatment and/or procedure employed and utilized by The Northport VA Medical Center if he had been fully informed and the lack of informed consent is the proximate cause of the injury and condition for which recovery is sought.

26. By reason of the above, Plaintiff Decedent **PETER BERKOSKI** has sustained great pain, agony, injury, suffering, disability, and hospitalization with surgery, as well as mental anguish, emotional distress and ultimately his death.

## AS AND FOR A THIRD CAUSE OF ACTION

27.Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

28.Defendant **UNITED STATES OF AMERICA** was negligent in hiring and supervising medical personnel who were careless, unskillful, negligent, and who did not possess the requisite knowledge and skill of medical professionals in the community.

29.Defendant **UNITED STATES OF AMERICA** was negligent in hiring and supervising medical personnel who were careless, unskillful, negligent, and who did not possess the requisite knowledge and skill of medical professionals in the community.

30.By reason of the above, Plaintiff Decedent **PETER BERKOSKI** has sustained great pain, agony, injury, suffering, disability, and hospitalization with surgery, as well as mental anguish, emotional distress and ultimately his death.

31.By reason of the above, Plaintiff Decedent **PETER BERKOSKI** has sustained damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION

32.Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as though set forth herein at length.

33.That the Plaintiff Decedent **PETER BERKOSKI** died on December 6, 2014 as a result of the medical malpractice, carelessness, recklessness, unskillfulness, and negligence of Defendant **UNITED STATES OF AMERICA** and/or their employees, without any act, omission to act, or negligent act on the part of the Plaintiff Decedent contributing thereto.

34.That by virtue of her wrongful death, the Estate of the Plaintiff Decedent has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction herein.

35.That Plaintiff is entitled to recovery for Decedent's wrongful death pursuant to

the New York Estate Powers and Trust Law §§ 5-4.1 and 5-4.3.

## AS AND FOR A FIFTH CAUSE OF ACTION

36. Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as though set forth herein at length.

37. That at all times hereinafter mentioned, Plaintiff **SUZANNE BERKOSKI** was the spouse of the Plaintiff Decedent **PETER BERKOSKI** and as such was entitled to the society, services and consortium of her spouse **PETER BERKOSKI**.

38. That by reason of the foregoing, Plaintiff **SUZANNE BERKOSKI** was deprived of the society, services and consortium of the Plaintiff **PETER BERKOSKI** and shall forever be deprived of said society, services and consortium.

39. That by reason of the foregoing, Plaintiff **SUZANNE BERKOSKI** was damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction herein.

**WHEREFORE**, Plaintiff **SUZANNE BERKOSKI, as Administratrix of the Estsate of PETER BERKOSKI, deceased** demands judgment against the Defendant **UNITED STATES OF AMERICA** herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:   Garden City, New York
         4-7-16

Yours, etc.

JOSEPH G. DELL (JD 7315)
DELL & DEAN, PLLC
Attorneys for Plaintiff
SUZANNE BERKOSKI, as Administratrix of the
Estate of PETER BERKOSKI, deceased
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
(516) 880-9700

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
SUZANNE BERKOSKI, as Administratrix of the Estate of
PETER BERKOSKI, deceased, and SUZANNE BERKOSKI,
individually,

                                                                          CERTIFICATE PURSUANT TO
                                                                          CPLR 3012 (a)

                    Plaintiff,

   -against-

UNITED STATES OF AMERICA,

                    Defendant.

-------------------------------------------------------------------------X

      JOSEPH G. DELL, an attorney duly admitted to practice law before the courts of this State, and an Associate of **DELL & DEAN, PLLC**, attorneys for Plaintiff(s), affirm(s) the following to be true under penalties of perjury:

      I certify that I have reviewed the facts of this case and have consulted with a physician licensed to practice in this State who I reasonably believe is knowledgeable in the relevant issues involved in this action, and that I have concluded, on the basis of such review and consultation, that there is a reasonable basis for the commencement of this action.

Dated:       Garden City, New York
              4-17-10

                                                                        JOSEPH G. DELL

ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU     )

JOSEPH G. DELL, an attorney admitted to practice in the Courts of New York State, states that:

1. I am a partner at DELL & DEAN, PLLC the attorneys for the plaintiff in the within action;

2. I have read the foregoing COMPLAINT and know its contents to be true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true;

3. The reason I make this verification instead of the plaintiff is that plaintiff does not reside within in the county in which your affirmant's office is located;

4. The sources for my information and the grounds for my belief are based upon my conversations with the plaintiffs, correspondence, investigation, statements and information in affirmant's office.

I affirm that the foregoing statements are true under the penalties of perjury.

Dated: Garden City, New York
       4-7-16

_____
JOSEPH G. DELL

# EXHIBIT "A"



**U.S. Department of Veterans Affairs**
Office of General Counsel
Office of Chief Counsel - North Atlantic District North

800 Poly Place
Building 14
Brooklyn, New York 11209
www.va.gov/ogc

JAN 2 5 2016

In Reply Refer To: 02-4G
BERKOSKI, Peter
GCL 12601

Beck & Strauss, PLLC
Attn: Leland Stuart Beck, Esq.
50 Charles Lindbergh Blvd., Suite 205
Uniondale, NY 11553-9850

Dear Mr. Beck:

This letter makes reference to the SF-95, Claim for Damage, Injury or Death that you filed with our office on September 14, 2015, on behalf of the Estate of Peter Berkoski. The claim alleges personal injury to and the wrongful death of Mr. Berkoski by the VA Medical Center, Northport, NY on December 6, 2014. More specifically, you allege negligence in the failure to diagnose and treat bladder cancer beginning in 2012.

A review of all of the circumstances associated with this case does not reveal any negligence or wrongdoing on the part of the Department of Veterans Affairs or any of its employees.

Accordingly, the claim is hereby denied.

If you are dissatisfied with this decision, you may file a request for reconsideration of your claim with the VA General Counsel by any of the following means: (1) you may mail your request to the Department of Veterans Affairs, General Counsel (021B), 810 Vermont Avenue, N.W., Washington, DC 20420; (2) you may file your request by data facsimile (fax) to (202) 273-6385; or (3) you may e-mail your request to OGC.torts@mail.va.gov. To be timely filed, VA must receive this request prior to the expiration of 6 months from the date of the mailing of this final denial. Upon filing such a request for reconsideration, VA shall have 6 months from the date of that filing in which to make final disposition of the claim, and your option to file suit in an appropriate U.S. District Court under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of such request for reconsideration (28 C.F.R. Section 14.9).

In the alternative, your attention is invited to the provisions of the Federal Tort Claims Act, Title 28 U.S.C. Sections 1346(b) and 2671-2680, which provide that a tort claim which is administratively denied may be presented to a United States District Court for judicial reconsideration. Such suit must be initiated within 6 months after the date of mailing of this notice of final denial shown by the date of this letter (Title 28, U.S.C. Section 2401(b)). If you decide to initiate suit against the Department of Veterans Affairs, you are advised that the proper party defendant is the United States of America, not VA.

Yours very truly,

GEORGE BURNS
Chief Counsel
Tel. (908) 647-0180 x4126

Index No.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SUZANNE BERKOSKI, as Administratrix of the Estate of PETER BERKOSKI, deceased, and SUZANNE BERKOSKI, individually,

        Plaintiff,

  -against-

UNITED STATES OF AMERICA,

        Defendant.

---

SUMMONS & COMPLAINT

---

**DELL & DEAN, PLLC**
*Attorneys for Plaintiff*
1225 Franklin Avenue
Suite 450
Garden City, New York 11530
(516) 880-9700
Facsimile (516) 880-9707

---

TO: